UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,          :
                                         :
               Plaintiff,          :
vs.                                :
                                         :   Case No.
THE PALMS SOUTH BEACH, INC.,    :
a Florida Corporation,           :
                                         :
              Defendant.      :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE PALMS SOUTH BEACH, INC., a Florida Corporation d/b/a The Palms Hotel and Spa (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**COUNT I**

1.     Plaintiff, Helen Swartz, is an individual residing in Miami, FL, in the County of Miami-Dade.

2.     Defendant's property, The Palms Hotel and Spa Hotel, is located at 3025 Collins Avenue, Miami Beach, FL, in the County of Miami-Dade.

3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and the Defendant does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter.  Family and friends often visit her in the Miami/Fort Lauderdale area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease.   She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami/Fort Lauderdale and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Florida.

6.      Helen Swartz visited the property which forms the basis of this lawsuit from February 21 through February 22, 2021, and has reservations to return to the Hotel from August 4 through August 5, 2021, to meet with friends and use the spa, should the facility be made accessible.  Ms. Swartz also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Palms Hotel and Spa, and is located at 3025 Collins Avenue, Miami Beach, FL.

8.     Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit The Palms Hotel and Spa, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of The Palms Hotel and Spa has shown that violations exist.  These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

a. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 the 2010 Standards for Accessible Design: 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

b. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

c. A vehicle pull-up space is not provided in front of the hotel. This is in violation of section 503.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

d. An accessible entrance is not provided to access the hotel as the lift was out of order. This is in violation of sections 206 and 402 of the 2010 Standards for Accessible Design. The plaintiff had to implore the valet who took her to the employee entrance. The plaintiff had to also exit the hotel via the employee entrance/exit as no one was called to fix the lift; 28 CFR §36.201, §36.202, §36.211 and §36.304.

e. The plaintiff was discriminated against by hotel's disregarded for maintaining the lift for people with disabilities to gain entrance into and out of the hotel in the same manner as their abled guests. The plaintiff had to find someone to help her find the employee entrance/exit, which she could not do independently. This is in violation of 28 CFR §36.201, §36.202, §36.211 & §36.30.

f. If the lift had worked, it is not independently operated. This is in violation of section 410.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition denied the Plaintiff access to the facility independently.

g. The stairways do not have handrails. This is in violation of section 505.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

h. Appropriate stairway handrail extensions are not provided. This is in violation of section 505.10 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

i. The exterior ramp does not provided handrails on both side of the ramp. This is in violation of section 405.8 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

j.      The elevator keypad is out of reach to a person in a wheelchair.  This is in violation of section 407.2.1.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility independently.

k.      An accessible route is not connected to Tiki huts, Tiki cabanas, lounge chairs.  This is in violation of section 206.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to access the facility.

l.      The plaintiff was discriminated against by hotel for not offering equal access to the hotel's pool Tiki huts, Tiki cabanas and lounge chairs as the hotel offers these amenities to able individuals. This is in violation of 28 CFR §36.201, §36.202, §36.211 & §36.30.

m.      The hotel discriminated against the plaintiff by only offering the beachfront cabanitas to their abled guests. This is in violation of 28 CFR §36.201, §36.202, §36.211 & §36.30.

n.      An accessible route is not connected to access the gazebo.  This is in violation of section 206.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to access the facility.

o.      The plaintiff was discriminated against by hotel for not offering equal access to the gazebo as the hotel offers the gazebo to able individuals. This is in violation of 28 CFR §36.201,  §36.202, §36.211 & §36.30.

p.      In the accessible guestroom, #1111, the closet rod and shelf are out of reach to a person in a wheelchair. This is in violation of sections 811.3 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility independently.

q.      In the accessible guestroom, #1111, the operable part on closet door requires tight grasping, pinching, or twisting of the wrist.  This is in violation of sections 309.4 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

r.      In the accessible guestroom, #1111, an accessible forward reach to access the light switches behind the night tables is not provided.  This is in violation of sections 308.2.2 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

This condition denied the plaintiff's ability to turn on or off the side bed lights.

s.      In the accessible guestroom, #1111, a turning space is not provided to access one side of the bed. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

t.      In the accessible guestroom, #1111, an accessible route within the guestroom is not provided to the window. This is in violation of section 806.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

u.      In the accessible guestroom, #1111, the operable part of the window controls requires tight grasping, pinching, or twisting of the wrist. This is in violation of section 806.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

v.      In the accessible guestroom #1111, an appropriate clearance around the water closet is not provided. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

w.      In the accessible guestroom #1111, which hotel deemed an accessible guestroom, appropriate grab bars by the water closet are not provided. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

x.      In the accessible guestroom #1111, which hotel deemed an accessible guestroom, the mirror is too high. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

y.      In guestroom #1111, which hotel deemed an accessible guestroom, a folding shower seat is not provided in the roll-in shower.   This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

z.      In guestroom #1111, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a

non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

aa.     In guestroom #1111, which hotel deemed an accessible guestroom, the bathroom door hardware requires tight grasping, pinching, or twisting of the wrist.   This is in violation of sections 404.2.7 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility independently.

bb.     In guestroom #1111, which hotel deemed an accessible guestroom, items such as the hooks in the guestroom and bathroom are out of reach to a person who needs to use a wheelchair. This is in  violation of sections 308 and 309 the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

cc.     The sink on the lavatory in the spa bathroom is too high.  This is in violation of section 606.3 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

dd.     The mirror in the spa bathroom is too high.  This is in  violation of section 603.3 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

ee.     The mirror in the spa accessible toilet compartment is too high.   This is in  violation of section 603.3 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

ff.     The pipes underneath the spa toilet room are exposed.   This is in violation of section 606.5 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

gg.     The spa accessible toilet compartment door does not have pulls on both sides of the door. This is in  violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

hh.     In the spa accessible toilet compartment, an accessible forward reach is not provided to access the soap dispenser.   This is in  violation of section 308.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult

for the Plaintiff to access the facility.

     ii.    Hooks in the spa are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. 28 CFR §36.201, §36.202 & §36.304. This condition denied the Plaintiff to access the facility independently.

     jj.    The threshold to the outside relaxation area of the spa is too high for a person in a wheelchair to access the outside space.  This is in violation of sections 206.2.2 & 404.2.5 of the 2010 Standards for Accessible Design. 28 CFR §36.201, §36.202 & §36.304. This condition denied the Plaintiff to access the facility independently.

     kk.    The plaintiff was discriminated against by hotel for not offering equal access to the exterior spa relaxation area as the hotel offers the outside spa lounge area to able individuals. This is in violation of 28 CFR §36.201, §36.202, §36.211 & §36.30.

     ll.    Items in the fitness room such as the towels, water dispenser, cups, hand sanitizer, etc. are out of reach to a person in a wheelchair.  This is in violation of sections 304 and 308 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to access the facility.

     mm.    An accessible route is not provided to access the weights, towels, water dispenser, cups, hand sanitizer, etc. in the fitness room. This is in violation of section 206.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to access the facility.

     nn.    The plaintiff was discriminated against by hotel for not offering equal access to use  the weights, towels, water dispenser, cups, hand sanitizer, etc. in the fitness room as the hotel offers these amenities to able individuals. This is in violation of 28 CFR §36.201, §36.202, §36.211 & §36.30.

     oo.    The stairways in the fitness room do not have handrails.  This is in violation of section 504.6 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

     pp.    A maneuvering clearance is not provided to exit the lobby toilet room. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

11.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Palms Hotel and Spa to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18.     Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Southern District of Florida against the instant property.   Three unrelated cases were located, as follows:

a.     *Poschmann v. THE PALMS SOUTH BEACH, INC.,* Case No. 2:18-cv-14475-RLR, which alleges violations with respect to the website and reservations.

b.     *Cohan v. The Palms South Beach, Inc.,* Case No. 114-cv-23746-UU, which alleges barriers to access with respect to the pool.

c.     *Duldulao v. Florida Resort Management, LLLP, et al.,* Case No. 1:12-cv-20976-PAS, which alleges ADA violations and barriers to access, but which does not include allegations as to the guest rooms or to the spa and fitness center.  It should be noted that the allegations in the instant case refer to the guest rooms, spa and fitness center, and access to the facility itself.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II

### Negligence

19.      Plaintiff realleges all allegations heretofore set forth.

20.      Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired.   Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21.     Defendant breached this duty.

22.     Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23.     Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24.     The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25.     The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety.  This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief, as follows:

A.      For finding of negligence; and

B.      For damages in an amount to be proven at trial; and

C.      For such other and further relief as the Court may deem just and proper.

Dated:   March 5, 2021                              Respectfully submitted,

                                                    /s/   *Lawrence A. Fuller*
                                                    Lawrence A. Fuller, Esq. (FBN 0180470)
                                                    FULLER, FULLER & ASSOCIATES, P.A.
                                                    12000 Biscayne Blvd., Suite 502
                                                    Miami, FL 33181
                                                    (305) 891-5199
                                                    (305) 893-9505 - Facsimile
                                                    lfuller@fullerfuller.com

                                                    *Attorney for Plaintiff Helen Swartz*